**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1888**

JAMES R. WILLIAMS,

                Plaintiff - Appellant,

     v.

FREEDOM MORTGAGE CORPORATION,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:20-cv-00874-MHL)

Submitted:  January 20, 2022                Decided:  January 24, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James R. Williams, Appellant Pro Se.  John Alexander Nader, MCGLINCHEY STAFFORD, PLLC, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James R. Williams seeks to appeal the district court's order dismissing Williams' removed civil action without prejudice for failure to prosecute.[*] We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 29, 2021. Williams filed the notice of appeal on August 11, 2021. Williams thus failed to file a timely notice of appeal or, alternatively, to obtain an extension or reopening of the appeal period. Accordingly, we grant Appellee's motion to dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We conclude that the district court's order dismissing Williams' action without prejudice is an appealable final order. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 611-12 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).